# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. _____ ) |
| CORRINE R. WASHINGTON, GEORGE R. REEVES, SR., ADAMS FUNERAL HOME PA, NATIONAL FAMILY SERVICE ASSOCIATION, INC. AND DOES 1-50, | ) ) ) ) ) |
| Defendants. | ) ) ) ) ) |

## COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

Plaintiff, American General Life Insurance Company, as successor in interest to The Old Line Life Insurance Company of America (hereinafter referred to as "American General"), by its attorneys, the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, hereby submits its Complaint in Interpleader and Declaratory Relief pursuant to Fed.R.Civ.P. 22 as follows:

## JURISDICTION AND VENUE

1.  At all times relevant herein, American General was and is a corporation duly organized and existing under the laws of the State of Texas with its principal place of business located in Houston, Texas. American General is authorized to conduct business throughout the State of California as a life insurer and conducts business in Kern County.

2.  American General is informed and believes, and on that basis alleges, that defendant Corrine R. Washington is a citizen of the State of Maryland and, upon information and belief, resides in Fort Washington, Prince George's County, Maryland.

3.  American General is informed and believes, and on that basis alleges, that

535402v.1

defendant George R. Reeves, Sr. is a citizen of the State of Maryland and, upon information and belief, resides in Charlotte Hall, St. Mary's County, Maryland.

4. American General is informed and believes, and on that basis alleges, that defendant Adams Funeral Home, P.A. is a corporation organized and existing under the laws of the State of Maryland with its principal place of business located in Aquasco, Maryland.

5. American General is informed and believes, and on that basis alleges, that defendant National Family Service Association, Inc. was a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Merritt Island, Florida. Upon information and belief, National Family Service Association, Inc. is inactive, having been administratively dissolved by the Florida Secretary of State on or about October 16, 1998.

6. American General is ignorant of the true names and capacities of the defendants sued herein as Does 1-50 and, for those reasons, has sued those defendants by those fictitious names. American General is informed and believes, and thereon alleges, that each of the fictitiously named defendants claims some right, title or interest in or to the proceeds of the insurance policy which is the subject of this complaint. When American General ascertains the true names and capacities of the fictitiously named defendants, it will amend this Complaint by inserting the same herein.

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 because diversity exists between Plaintiff American General and the defendants, as American General and Defendants are citizens of different states and the amount in controversy exceeds $75,000, since the amount of life insurance benefits as stake is $145,481.49 less the outstanding Policy loan, which loan principal was $11,242.40 as of the Decedent's death on October 6, 2013, plus interest.

8. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1397 because one or more of the claimants reside in this jurisdiction.

## FIRST CLAIM FOR RELIEF
## INTERPLEADER

9. In November 1992, George E. Washington ("Decedent"), as owner and insured, applied for a life insurance policy with a face amount of benefits of $145,651, which designated George R. Reeves, identified as "father," a primary beneficiary. A true and correct copy of the application is attached as **Exhibit 1**.

10. American General's predecessor-in-interest, The Old Line Life Insurance Company of America, issued a life insurance policy (No. 1903203L) effective December 12, 1992, with an original face amount of $145,651 ("Policy").

11. Thereafter, American General received a *Collateral Assignment of Life Insurance Policy with Automatic Termination* dated November 11, 1992, in which the Decedent assigned all rights, title, and interest in the Policy, except the right to change the beneficiary of the Policy, to National Family Service Association, Inc., which assignment "automatically terminate[d] two (2) years from the date this Assignment is executed or, if earlier, upon satisfaction of all indebtedness of the owner of the Policy to the Assignee" ("1992 Collateral Assignment"). A true and correct copy of 2012 Collateral Assignment is attached as **Exhibit 2**.

12. By Policy Endorsement effective July 30, 2007, a true and correct copy of which is attached as **Exhibit 3**, the specified amount of the Policy was reduced from $145,651 to $145,481.49.

13. Thereafter, by letter dated July 28, 2009, a true and correct copy of which is attached as **Exhibit 4**, American General confirmed the Decedent's enrollment in American General's eService, which service allows online access to, among other things, account

information, forms, and process transactions on the Policy.

14.     On or about March 4, 2013, American General received a request to change beneficiary through eService, a true and correct copy of which is attached as **Exhibit 5**, which requested that the primary beneficiary of the Policy be changed to Corrine Washington, identified as "wife." ("2013 Beneficiary Change").

15.     By letter dated March 12, 2013 to the Decedent, a true and correct copy of which is attached as **Exhibit 6**, American General confirmed the change of beneficiary in accordance with the 2013 Beneficiary Change.

16.     The Decedent died October 6, 2013.  At his death, there were outstanding loans against the cash value of the Policy in the principal amount of $11,242.40.

17.     By fax dated October 8, 2013 to American General, a true and correct copy of which is attached as **Exhibit 7**, George R. Reeves, Sr. contested the 2013 Beneficiary Change for the reasons stated therein, including that the Decedent was in the hospital on March 4, 2013 for open heart surgery and lacked capacity.

18.     On or about October 28, 2013, American General received from George Reeves, Sr. a Proof of Death Claimant's Statement dated October 24, 2013, a death certificate for the Decedent, and obituary for the Decedent.  A true and correct copy of said records are attached as **Exhibit 8**.

19.     On or about November 1, 2013, American General received from Corrine R. Washington a Proof of Death Claimant's Statement dated October 31, 2013 in which she indicated that she had made an assignment of $6,587.00 to a funeral home, a death certificate for the Decedent, obituary for the Decedent, a Statement of Funeral Goods and Services Selected from Adams Funeral Home, P.A. for $6,587.00, and a copy of American General's March 12, 2013 to the Decedent, confirming the change of beneficiary in accordance with the 2013

Beneficiary Change.  A true and correct copy of said records are attached as **Exhibit 9**.

20. By letter dated November 1, 2013 to National Family Service Association, Inc., a true and correct copy of which is attached as **Exhibit 10**, American General noted the 1992 Collateral Assignment and requested that "an officer of National Family Service Association, Inc. provide us with either a release or loan payoff amount with per diem interest on the company's letterhead."

21. To date, American General has not received from National Family Service Association, Inc. the requested release or payoff statement and, therefore, it is presently unknown whether National Family Service Association, Inc. has, or intends to assert, an interest in the proceeds of the Policy.

22. By separate letters dated November 4, 2013 to George R. Reeves, Sr. and to Corrine R. Washington, true and correct copies of which are attached as **Exhibit 11**, American General, among other things, acknowledged its liability for the face amount of the Policy, noted that it had received competing claims from Mr. Reeves and Ms. Washington, and requested that they attempt to resolve their competing claims or American General would proceed with an interpleader action.

23. By fax dated November 14, 2013, a true and correct copy of which is attached as **Exhibit 12**, counsel for George R. Reeves advised American General that Mr. Reeves continued to dispute the 2013 Beneficiary Change for the reasons set forth therein.

24. By fax dated November 14, 2013, Corrine R. Washington provided details of her relationship and marriage to the Decedent and his medical conditions and treatment, and enclosed a variety of documents in support of her claim, including a VA Advance Directive Durable Power of Attorney for Health Care and Living Will dated June 4, 2013, Survivor Benefit Plan Election Change Certificate dated November 1, 2012, the January 29, 2010 Judgment of

535402v.1

Absolute Divorce entered in the matter *George Ernest Washington v. Shirline Lueue Washington*, which matter was pending in the Circuit Court for Charles County, Maryland (Case No. 08-C-09-000119), the Last Will and Testament of the Decedent dated August 23, 2013, and a March 30, 2012 Certificate of Marriage for the marriage of the Decedent and Corrine Rachael Johnson.  A true and correct copy of the November 14, 2013 fax and the enclosures is attached as **Exhibit 13**.

25. On account of the death of the Decedent, a death benefit under the Policy became payable in the amount of $145,481.49 <u>less</u> the outstanding Policy loan, which loan principal was $11,242.40 as of the Decedent's death on October 6, 2013.

26. Upon information and belief, to date the Defendant/Claimants have not resolved their competing claims to the net death benefits due under the Policy.

27. American General is, and at all time mentioned in this Complaint ready, willing, and able, to pay the life insurance proceeds under the Policy to the person or persons legally entitled thereto.  However, American General is informed and believes, and on that basis alleges, that by virtue of the competing claims of defendants herein, it cannot do so.

28. American General is informed and believes, and on that basis alleges, that defendants and each of them, are persons known to American General to be asserting some right, title, or interest in the death benefits which are the subject of this Complaint, and/or potentially could assert some right, title or interest in the proceeds.  Hence, there are conflicting potential demands upon American General.

29. American General is unable to determine with certainty the validity of the actual and potential conflicting demands that are and may be made by defendants herein as described above, and cannot determine whom to pay. Additionally, American General may be exposed to multiple claims or liability should it make payment of any, or all, of the balance of the benefits to

an individual or individuals not entitled to the benefits.

30. By reason of the actual and potential conflicting claims to the life insurance proceeds, American General does not know and cannot determine the person or persons legally entitled to payment.

31. American General claims no interest in the life insurance proceeds or any part thereof, other than as a mere stakeholder of those proceeds, and as a result of the actual and potential conflicting, but apparently potentially valid claims of the defendants, is indifferent as to which person should receive the death benefit proceeds. Accordingly, American General files this Complaint in good faith and without collusion with any of the parties hereto to resolve all disputes over the life insurance proceeds.

32. American General has no other means of protecting itself from the vexation of duplicative claims and therefore is entitled to interplead the life insurance proceeds into this Court and to obtain judgment of this Court releasing American General from further participation in this matter, and for its fees and costs in interpleading the funds. Defendants should be required to assert their respective claims to the Policy proceeds and litigate these claims among themselves.

33. American General is entitled to a permanent injunction against all defendants enjoining them from instituting or prosecuting any proceeding in any State or United States Court against American General, or in any other Country or jurisdiction, arising from the Policy or the benefits payable under the Policy, and requiring the defendants to make any claim they might have with regard thereto in this action.

34. Concurrent with the filing of this Complaint, American General has filed a motion to deposit the proceeds of the Policy, which shall equal $134,239.09, which is the $145,481.49 death benefit under the Policy _minus_ the outstanding Policy loan of $11,242.40, plus applicable

interest. Once the Court grants the motion, American General shall deposit with the Clerk of this Court a check for the life insurance benefits, plus applicable interest, at issue.

35. American General has retained the services of attorneys in California and Washington, D.C. for the purpose of protecting its interests arising out of the defendants' actual and potential conflicting claims, and American General will be called upon to pay those attorneys for those services that they render in that regard. American General also will be compelled to incur costs and disbursements in the prosecution of this action. Those attorney's fees, costs, and disbursements are and should be a legal charge upon the proceeds of the Policy and should be repaid to American General out of the funds that it will deposit with the Clerk of this Court. The remaining portion of the life insurance proceeds should be paid over to the proper beneficiary, as determined by the Court.

## SECOND CLAIM FOR RELIEF
## DECLARATORY RELIEF

36. American General realleges and incorporates by reference paragraphs 1 through 35 above as the fully set forth herein.

37. An actual controversy has arisen and now exists between defendants and American General concerning monies payable under the Policy, specifically as follows:

   a. American General is informed and believes, and on that basis alleges, that defendant Corrine R. Washington claims entitlement to the proceeds of the subject Policy as the primary beneficiary.

   b. American General is informed and believes, and on that basis alleges, that George R. Reeves, Sr. claims entitlement to the proceeds of the subject Policy as the primary beneficiary.

      c. American General is informed and believes, and on that basis alleges, that Adams Funeral Home PA claims entitlement to the proceeds of the subject Policy as the primary beneficiary.

      d. American General is informed and believes, and on that basis alleges, that National Family Service Association claims entitlement to the proceeds of the subject Policy as the primary beneficiary.

38. By reason of the foregoing, there exists an actual, justiciable controversy among the parties. The Court is vested with the power to declare and adjudicate the rights and legal relationships of the parties to this action with reference to the issues raised by this Complaint.

39. American General desires a judicial determination of the rights and obligations of each of the parties to this action with respect to the Policy in conformity with the allegations set forth herein.

40. A judicial determination is necessary and appropriate at this time in order that each of the parties may ascertain their respective rights and duties as to one another and may conduct themselves accordingly now and in the future.

## PRAYER

WHEREFORE, American General prays for judgment against all defendants as follows:

1. That this Court decree that the Complaint is properly filed and that this is a proper cause for interpleader;

2. That the Clerk of this Court be authorized and directed to accept the funds interpled by this action and to deposit the same into the Court's registry held in an interest bearing account;

3. That defendants each be compelled to interplead or settle among themselves their respective rights or claims to the proceeds due and payable under the Policy by reason of the insured's death;

4. That the Court enter an Order restraining defendants, and each of them, from instituting or prosecuting any proceeding in any State or United States Court against American General with respect to the Policy and the proceeds payable thereunder;

5. That having deposited the Policy proceeds with the Clerk of the Court, American General be discharged from all liability to defendants, and each of them, in this action or under the Policy.

6. That American General be awarded its cost of suit incurred herein, including its reasonable attorney's fees, to be paid out of the funds that American General will deposit with the Clerk of the Court; and,

7. For such other and further relief as the Court deems just and proper.

Date:   January 28, 2015

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*/s/ Kathryn A. Grace*
Kathryn A. Grace
8444 Westpark Drive, Suite 510
McLean, Virginia 22102
Tel: 703-245-9300
Fax: 703-245-9301
Kathryn.Grace@wilsonelser.com
*Counsel for Plaintiff American General Life Insurance Company*

535402v.1

**CERTIFICATION REQUIRED BY MARYLAND RULE 1-313**

In accordance with Maryland Rule 1-313, I hereby certify that I am admitted to practice law in the State of Maryland and am in good standing.

*/s/ Kathryn A. Grace*
Kathryn A. Grace
8444 Westpark Drive, Suite 510
McLean, Virginia 22102
Tel: 703-245-9300
Fax: 703-245-9301
Kathryn.Grace@wilsonelser.com
*Counsel for Plaintiff American General Life Insurance Company*

535402v.1